

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JEG:HLJ
F. #2010R00126

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 22, 2010

**By ECF and Facsimile**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Rayon Jarvis
           Criminal Docket No. 10-67 (ENV)

Dear Judge Vitaliano:

      On March 16, 2010, the defendant pled guilty to a lesser-included offense within Count One of the above-captioned indictment, charging him with importing five kilograms or more of a substance containing cocaine in violation of 21 U.S.C. § 952(a).  The defendant is scheduled to be sentenced on September 24, 2010.  The government hereby submits this response to the defendant's letter, dated September 20, 2010, ("Ltr.") seeking a sentence below the applicable advisory United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines") range based on his personal history and family circumstances.

      The government submits that the defendant has fulfilled the requirements for safety-valve relief under U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2, and therefore his total offense level should be reduced from the United States Probation Department's initial calculation of 23 to 21, as reflected in the Addendum to the Pre-Sentence Investigation Report ("PSR").  For the reasons set forth below, however, the defendant should be sentenced within the advisory Guidelines range of 37 to 46 months' imprisonment.

I.   Background

      On January 10, 2010, the defendant arrived at John F. Kennedy International Airport ("JFK") from Georgetown, Guyana.  PSR ¶ 2.  During a routine inspection by Customs and Border Protection ("CBP") officers the defendant presented two suitcases.  Upon examination, CBP officers discovered two packages of "Champion Baking Powder" located inside one of the suitcases.  Id.  One of the packages was probed and revealed a

powdery white substance, which field-tested positive for cocaine. An additional 10 bags of "Champion Baking Powder" were discovered in the defendant's other suitcase.  Id.  The total net weight of the cocaine recovered from the defendant's suitcases was 12.029 kilograms.  Id.

The defendant met with the government on September 14, 2010 in an effort to obtain safety-valve relief under U.S.S.G §§ 2D1.1(b)(11) and 5C1.2; the government believes that the defendant truthfully provided all information known to him about the offense.

II.   A Guidelines Sentence Is Appropriate And Reasonable

The defendant argues that the factors set forth in 18 U.S.C. § 3553(a) support a non-Guidelines sentence.  The government submits that there is no basis for a sentence below the Guidelines range.

In the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 245 (2005), which held that the Sentencing Guidelines are advisory rather than mandatory, the Court made clear that district courts are "require[d] . . . to consider Guidelines ranges" in determining sentences, but may tailor sentences in light of other statutory concerns.  See 18 U.S.C. § 3553(a).  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court elucidated the proper procedure for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."  Gall, 552 U.S. at 49-50 (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented."  Id. (citation and footnote omitted).

The defendant seeks a non-Guidelines sentence on the basis of his personal history and family circumstances.  Specifically, the defendant argues that the Court should consider that he was (1) born and raised in difficult economic circumstances, and (2) more recently, that he was "overwhelmed by the economic responsibilities of fatherhood."  Ltr. at 2.  The defendant moved to the United States in 2008 with his mother and had been working as subcontractor for an electrical engineer at the time of his arrest.  PSR ¶ 38.  In fact, the defendant's employer noted that he was "disappointed" to learn of the defendant's conviction because he was waiting for the defendant to return to work.  Id.  Though the defendant faced significant hardship in his childhood, he was a young man who was being

2

supported by his mother and who was employed when he chose to commit this crime.  Indeed, the defendant's crime of conviction is a serious crime involving the importation of a particularly large quantity of narcotics, and the defendant has already received a substantial reduction under the Guidelines for his lesser role in the offense and his acceptance of responsibility.  Accordingly, the government believes that a sentence within the Guidelines range of 37 to 46 months is reasonable considering all of the factors in 18 U.S.C. § 3553(a).

III.    Conclusion

For the foregoing reasons, the Court should sentence the defendant within the applicable advisory guidelines range of 37 to 46 months' imprisonment.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney
    Eastern District of New York

By:     /s/
    Hilary Ley Jager
    Assistant U.S. Attorney
    (718) 254-6248

cc:   Michelle Gelernt, Esq. (via ECF)
     U.S. Probation Officer Roberta J. Houlton (via email)